IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Devon McCants, #129066, | ) | C/A No.: 1:10-2285-HFF-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Samuel Glover; South Carolina | ) | |
| Department of Probation, Parole, and | ) | |
| Pardon Services; The South Carolina | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.      Introduction

Plaintiff files this matter pursuant to 42 U.S.C. § 1983. Plaintiff alleges his parole hearing was improperly "cancelled." According to the complaint, Plaintiff was told he would have a parole hearing on September 16, 2009, and has submitted a letter from the Director of Parole Board Support Services in support. Plaintiff claims the failure of the Parole Board to hold the hearing on September 16, 2009 violates the "statutory provisions established by the General Assembly, and [with] no regard for the S.C. or U.S. Constitution." [Entry #1]. He asks this court to grant him parole and/or to be awarded monetary compensation.

On October 8, 2010, Plaintiff was directed to provide a Form USM-285 and summons for all named defendants. Plaintiff provided the requested paperwork for defendant Glover and for another individual who is not named as a defendant in this action, but did not provide the requested documents for the South Carolina Department of

Corrections ("SCDOC") or the South Carolina Department of Probation, Parole, and Pardon Services ("DPPPS").

## II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to partial summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

III.    Discussion

The defendants DPPPS and SCDOC are agencies of the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1]  See *Alden v. Maine*, 527 U.S. 706, 713 (1999 ) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the

---

[1]  The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996) (Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 786 (1991) (Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent); *see also Federal Maritime Commission v. South Carolina State Ports Authority, et. al.*, 535 U.S. 743, 743 (2002) (state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived its immunity[2] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When § 1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which

---

[2] The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

would specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. § 1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Additionally, the clear language of § 1983 requires that a "person" may be sued by another where a deprivation of constitutional rights can be shown. In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983. Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state.

III.    Conclusion

Accordingly, it is recommended that the South Carolina Department of Corrections and the South Carolina Department of Probation, Parole, and Pardon Services be dismissed without prejudice and without issuance and service of process. An order authorizing the issuance and service of process for Defendant Glover shall be entered contemporaneously with this Report and Recommendation.

IT IS SO RECOMMENDED.

February 7, 2011                          Shiva V. Hodges
Florence, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

5