IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Devon McCants, | ) | C/A No.: 1:10-2285-HFF-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Samuel Glover; South Carolina | ) | |
| Department of Probation, Parole, and | ) | |
| Pardon Services; The South Carolina | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Reginald Devon McCants, who is proceeding *pro se* in this action, is an inmate at Wateree Correctional Institutional ("WCI"). Plaintiff has asserted claims under 28 U.S.C. § 1983, alleging violations of his constitutional rights. Before the court is Plaintiff's Motion to Dismiss, filed on April 11, 2011 [Entry #54]. The motion states in its entirety: "I, 'Reginald D. McCants #129066[,]' do[] hereby after careful considerations of all circumstances surrounding the claim of due process befor[e] you, respectfully and humbly withdraw." Defendants have not opposed the motion and it is ripe for review.

The court construes Plaintiff's motion as a motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which provides in pertinent part, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This rule permits a plaintiff to dismiss his case without prejudice, but requires that the plaintiff obtain court approval. *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d

544, 546 (4th Cir. 1993). The main purpose of the rule is to freely permit voluntary dismissals while safeguarding the non-movant from prejudice. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied unless the defendant will suffer prejudice. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). "Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Gross v. Spies*, 133 F.3d 914 (Table), at *5 (4th Cir. Jan. 13, 1998) (internal citations omitted). These factors do not represent an exhaustive list, however, and any other case-specific factors should be considered by the district court. *Id.* "Courts generally agree, however, that the mere prospect of a second lawsuit is not sufficient prejudice to justify denying a motion for voluntary dismissal." *Id.* (internal citations omitted). Similarly, "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987).

Here, Defendants do not appear to have expended great efforts or expense preparing for trial, as Defendants moved for summary judgment contemporaneously with filing an answer and a motion to stay discovery. The undersigned granted Defendants' motion to stay discovery. Additionally, Defendants have not prepared a response to the

motion to dismiss.  Plaintiff has not demonstrated a lack of diligence in this matter, as he filed the motion to dismiss shortly after Defendants filed a motion for summary judgment, and before discovery progressed.  Although Plaintiff has not stated any reasons for requesting the lawsuit be dismissed, Defendants have not opposed the motion.  Finally, the case is still in the early stage of litigation, as discovery was stayed.  Therefore, after weighing the above-stated factors and in light of Defendants' lack of opposition, the undersigned recommends Plaintiff's motion be granted [Entry #54] and this case be dismissed without prejudice.[1]

IT IS SO RECOMMENDED.

May 2, 2011                                                      Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] If the court accepts this Report and Recommendation, the remaining pending motions will be rendered moot.

3